UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN GAUTIER (#674248LB) | CIVIL ACTION |
| VERSUS | |
| WEST BATON ROUGE JAIL | 17-87-SDD-EWD |

### ORDER

*Pro se* Plaintiff, a prisoner previously confined at the West Baton Rouge Jail, Port Allen, Louisiana – and subsequently transferred to the Donaldsonville Jail, Donaldsonville, Louisiana[1] – filed this proceeding pursuant to 42 U.S.C. § 1983, naming as Defendant the West Baton Rouge Parish Jail. Plaintiff complained that his constitutional rights were violated on November 17, 2016 when he was attacked by several co-inmates at the West Baton Rouge facility. Plaintiff further alleged that security cameras had been rendered inoperable and that there were no security guards on duty to provide assistance. Finally, Plaintiff alleged that he was subsequently placed in an isolation cell and was not provided with writing implements with which to submit an administrative grievance or communicate with his attorney.

Pursuant to *Order*[2] dated June 7, 2017, the Court granted Plaintiff leave to proceed *in forma pauperis* herein. Notwithstanding, a review of the record by the Court reflects that the referenced *Order*, which was forwarded to Plaintiff at his then-record address, has been returned to the Court as undeliverable, marked "Return To Sender"

---

[1] *See* Rec. Doc. 3.
[2] Rec. Doc. 4.

and "Inmate Not Here," apparently because Plaintiff is no longer confined at the facility that he provided as his record address.[3] It appears, therefore, that Plaintiff may have lost interest in pursuing this matter since his release or transfer from the referenced facility.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, this case cannot proceed without an address where Plaintiff may be reached and where he may receive pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of Plaintiff to prosecute this proceeding by failing to keep the Court apprised of a current address.

**IT IS HEREBY ORDERED** that the above-captioned proceeding be dismissed without prejudice for failure of Plaintiff to prosecute this proceeding by failing to keep the Court apprised of a current address. *Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the 29 day of September, 2017.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3] *See* Rec. Doc. 5.